UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5597 FMO (SKx) | Date | September 11, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Technologic USA, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Cheryl Wynn | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Transfer to Proper Venue or Dismissal for Lack of Personal Jurisdiction

On June 27, 2019, Craig Cunningham ("plaintiff") filed a Complaint against Technologic USA, Inc. ("defendant") alleging violations of: (1) the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA"); (2) FCC regulations regarding telemarketing, 47 C.F.R. § 64.1200(d); and (3) the Texas Business and Commerce Code 305.053.  (See Dkt. 1, Complaint at ¶¶ 1-14). Plaintiff alleges that defendant is a "Defunct Wyoming Corporation," (id. at ¶ 2), that the court has "general personal jurisdiction over the defendant because the corporate officers and managers of the company reside in this district and manage the business operations from within this district," (id. at ¶ 5), and that the court has "specific jurisdiction over the defendants because the calls at issue were sent by or on behalf of the defendants from this district."  (Id. at ¶ 6).  However, the Complaint also alleges that plaintiff "was present in Texas for all calls in this case."  (Id. at ¶ 1). Plaintiff alleges venue is proper in this district "because a substantial part of the events giving rise to the claims–the calls and sale of goods and services directed at Texas residents, including the Plaintiff–occurred in this District and because defendants reside in this District."  (Id. at ¶ 7-8).

A defendant may be subject to either general or specific personal jurisdiction.  See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014).  General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home."  Id. at 138, 134 S.Ct. at 761 (quotation and alteration marks omitted).  The court may assert specific personal jurisdiction over a nonresident defendant if three requirements are met:  "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases.  See id.  The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014).  "[T]he plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5597 FMO (SKx) | Date | September 11, 2019 |
|---|---|---|---|
| Title | Craig Cunningham v. Technologic USA, Inc. | | |

cannot be the only link between the defendant and the forum." Id.

Plaintiff alleges that he "has received at least 198 calls over several years to his cell phones . . . without consent and not related to an emergency purpose selling all manner of products from alarm systems to MLM get rich quick schemes to travel clubs, debt relief services, and outright attempts at fraud." (Dkt. 1, Complaint at ¶ 24). In the following paragraphs of the Complaint, plaintiff alleges specific details concerning the substance of the calls. (See, generally, id. at ¶¶ 26-28). However, the Complaint lacks specificity as to defendant's connection to California. The allegations as plead leave the court questioning how defendant's conduct is directed at residents of California if plaintiff is a citizen of Texas. In fact, plaintiff alleges that he "was present in Texas for all calls in this case in Collin County." (Id. at ¶ 1). As a defunct Wyoming corporation that can still be served at an address in Wyoming, (see id. at ¶ 2), it is unclear how defendant is subject to general personal jurisdiction in California. Further, although plaintiff contends venue is proper in this District, it is unclear in which judicial district "a substantial part of the events or omissions giving rise to the claim occurred[,]" 28 U.S.C. § 1391(b)(2), because plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District. (See, generally, Dkt. 1, Complaint).

Accordingly, IT IS ORDERED that, no later than **September 24, 2019**, plaintiff shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**. See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that when a case lays venue in the wrong district, 28 U.S.C. § 1406(a) "requires a transfer, however, only in cases where it is in 'the interest of justice.'").

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | cw | |